IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20006-01-KHV |
| OSCAR CALVIN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's pro se Motion To Withdraw Guilty Plea (Doc. #99) filed February 1, 2013. The Court overrules defendant's pro se motion because he is represented by counsel who did not sign the motion. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). The Court recognizes that counsel has filed a motion to withdraw. Even so, defendant is not entitled to file pro se motions while he is represented by counsel. In light of defendant's scheduled sentencing on February 12, 2013 and to avoid any further delay if the Court sustains counsel's motion to withdraw at sentencing, the Court will evaluate defendant's motion on the merits. For reasons stated below, the Court finds that defendant's motion to withdraw his guilty plea should also be overruled because it lacks substantive merit.

## Legal Standards

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a

plea of guilty if he shows a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004) (citations omitted). Unless a defendant shows a fair and just reason for withdrawal, the Court need not consider prejudice to the government. United States v. Hickok, 907 F.2d 983, 986 (10th Cir. 1990). A plea of guilty is "a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (quotations and citations omitted).

## Analysis

**I.   Defendant's Assertion Of Innocence**

The mere assertion of innocence is insufficient unless defendant presents some credible claim of legal innocence. See United States v. Byrum, 567 F.3d 1255, 1264 (10th Cir. 2009); United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007); see also United States v. Hickok, 907 F.2d 983, 985 n.2 (10th Cir. 1990) (assertion of subjective belief in defendant's own innocence does not mandate withdrawal of guilty plea). Defendant has not presented a credible claim of legal innocence and he does not explain how any allegation of innocence can be reconciled with his sworn admissions of guilt at the change of plea hearing. See United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007) (mere assertion of legal defense is insufficient; defendant must present credible claim of legal innocence). Defendant has obviously had a change of heart about the deal

which he struck with the government. Defendant's change of heart, without more, is insufficient. See Byrum, 567 F.3d at 1265; Hickok, 907 F.2d at 986. This factor favors the government.

**II.   Prejudice To Government**

Defendant pled guilty shortly after trial started on November 8, 2012. Some degree of prejudice is inevitable when the Court permits a defendant to withdraw his plea. This factor slightly favors the government.

**III.   Unreasonable Delay**

Defendant entered his guilty plea on November 8, 2012, but he waited nearly three months to file his motion to withdraw his plea until shortly before sentencing. The delay is not reasonable. See, e.g., United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *3 (10th Cir. 1999) (Table) (three-month delay weighed against defendant); United States v. Rowzer, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (delay of eight weeks too long), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001); United States v. Stewart, 51 F. Supp.2d 1147, 1152 (D. Kan. 1999) (delay of six weeks unreasonable), aff'd, 215 F.3d 1338 (10th Cir. 2000). This factor favors the government.

**IV.   Inconvenience To Court**

The fourth factor favors the government because any withdrawal of a plea is inconvenient to the Court. Further, defendant waited until after trial to enter a plea and delayed filing his motion to withdraw until shortly before sentencing. The inconvenience weighs against withdrawal of the plea.

**V.   Whether Close Assistance Of Counsel Was Available**

Based on defendant's statements under oath at the plea hearing, this factor favors the government. No credible evidence suggests that defendant did not have close assistance of counsel

before and during the change of plea hearing. Based on defendant's request, counsel was acting in a standby capacity until shortly before he pled guilty. Even so, defendant has not shown that counsel was not reasonably available to consult about the plea agreement and trial strategy. Defendant has been apparently unwilling to accept the advice and counsel of three respected attorneys – Tim Burdick, John Duma and Jacquelyn Rokusek. Nothing in the record suggests that defendant has not had competent counsel throughout the case. In fact, all three attorneys have consistently practiced before this Court in a competent and skilled manner. This factor favors the government. See Byrum, 567 F.3d at 1265 (upholding district court refusal to permit defendant to withdraw guilty plea in part because defendant was represented by "one of the top" effective and competent defense attorneys).

## VI.     Voluntariness Of Plea

The sixth factor, whether the plea was knowing and voluntary, strongly favors the government. To ascertain whether defendant knowingly and voluntarily entered his plea, the Court evaluates the language of the plea petition and the Rule 11 colloquy. Here, the Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum prison term of 10 years, the rights which he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it and that the only reason he was making a plea was that he was in fact guilty as charged. In sum, the language of the plea petition and the Rule 11 colloquy establishes that defendant's plea was knowing and voluntary. This factor strongly favors the government.

**VII. Waste Of Judicial Resources**

The seventh factor slightly favors the government because any withdrawal of a plea wastes judicial resources.

**VIII. Balance of Factors**

After carefully balancing the above factors, the Court finds that defendant's motion to withdraw his plea of guilty lacks substantive merit. In sum, defendant has not shown a "fair and just reason for requesting the withdrawal" of his plea. Fed. R. Crim. P. 11(d)(2)(B).

**IT IS THEREFORE ORDERED** that defendant's pro se <u>Motion To Withdraw Guilty Plea</u> (Doc. #99) filed February 1, 2013 be and hereby is **OVERRULED**. **Sentencing remains set for Tuesday, February 12, 2013 at 1:15 p.m. At sentencing, the Court will first address Ms. Rokusek's motion to withdraw.**

Dated this 8th day of February, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge